824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
R.E. PHELON COMPANY, INC., Appellant/cross-appellee,
v.
WABASH, INC., Appellee/cross-appellant.
 Appeal Nos. 86-1424, 86-1512.
 United States Court of Appeals, Federal Circuit.
 April 20, 1987.
 
 Before NIES, BISSELL and ARCHER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 This is an appeal/cross-appeal from the judgment of the United States District Court for the Northern District of Indiana, resolving all liability issues in favor of R.E. Phelon Company, Inc. (Phelon) in accordance with the memorandum and order entered May 30, 1986. In its memorandum and order, the district court held with respect to Phelon's claims against Wabash, Inc. (Wabash) that: (1) U.S. Patent No. Re. 31,837 ('837) was not invalid and claims 1-7 and 9-10 were infringed, (2) the infringement of the '837 patent was not willful, (3) an award of increased damages and attorney fees was not warranted, (4) intervening rights with respect to claims 6-10 had vested, and (5) the '837 patent was not unenforceable for inequitable conduct. With respect to Wabash's claims against Phelon, the court held that U.S. Patents No. 4,228,780 ('780) and No. 4,333,442 ('442) were invalid for obviousness under 35 U.S.C. Sec. 103 (1982 & Supp.III 1985). 1 USPQ2d 1680 (N.D.Ind.1986).* We affirm the judgment in part with regard to the '837 patent and vacate the judgment of invalidity with regard to the '780 patent. The judgment with regard to the '442 patent was not appealed and, therefore, not reviewed.
 
 OPINION
 
 2
 Phelon challenges the district court's finding that the infringement of claims 1-7 and 9-10 of the '837 patent by Wabash was not willful on which ground it had requested increased damages and attorney fees. Wabash challenges the holdings that the '837 patent was not invalid, was enforceable and was infringed. In addition, Wabash attacks the district court's conclusion that the '780 patent is invalid for obviousness under 35 U.S.C. Sec. 103.
 
 A. Phelon's Appeal
 
 3
 Whether the '837 patent was willfully infringed is a question of fact and, therefore, reviewed under the clearly erroneous standard of Fed.R.Civ.P. 52(a). See Underwater Devices Inc. v. Morrison-Knudsen Co., 717 F.2d 1380, 1389, 219 USPQ 569, 576 (Fed.Cir.1983). Review of the record reveals that the infringement issue was vigorously contested and that Wabash was licensed under U.S. Patent No. 3,941,111, a patent which had been cited by the United States Patent and Trademark Office (PTO) in its rejection of the initial application for the patent which reissued as the '837 patent. Under the clearly erroneous standard, to overturn a factual finding, we must have a firm conviction that a mistake was committed by the district court. Inwood Laboratories Inc. v. Ives Laboratories, Inc., 456 U.S. 844, 855 (1982). Phelon has failed to convince this court that the district court was clearly erroneous in finding that, in view of the totality of the circumstances, Wabash did not willfully infringe the claims of the '837 patent and its conduct did not rise to the level to permit the award of fees under 35 U.S.C. Sec. 285 (1982). Thus Wabash failed to establish the foundation for awarding increased damages or attorney fees. Reactive Metals and Alloys Corp. v. ESM, Inc., 769 F.2d 1578, 1582-83, 226 USPQ 821, 824 (Fed.Cir.1985); King Instrument Corp. v. Otari Corp., 767 F.2d 853, 867, 226 USPQ 402, 412 (Fed.Cir.1985), cert. denied, 106 S.Ct. 1197 (1986).
 
 B. Wabash's Appeal
 
 4
 Wabash contends that the '837 reissue patent is unenforceable because Phelon filed a false reissue oath. Although Wabash is correct that the district court, in the section of its opinion on inequitable conduct, did not specifically address the false reissue oath, after complete review of the pleadings, trial testimony, and final arguments of counsel, we affirm the conclusion reached by the district court. The district court properly considered a "myriad of accusations directed at proving inequitable conduct before the PTO" that were cumulative. 1 USPQ2d at 1695. The district court, after being presented with all the evidence, making credibility determinations, and hearing closing arguments, concluded that "the defendant has failed to demonstrate by clear and convincing evidence that the prior art or other evidence was withheld with an intent to defraud the PTO or that such conduct breached the duty of candor." 1 USPQ2d 1695-96. Wabash has failed to show any clear error in the findings underlying the district court's conclusion that no inequitable conduct occurred. See J.P. Stevens & Co. v. Lex Tex Ltd., 747 F.2d 1553, 1562, 223 USPQ 1089, 1094 (Fed.Cir.1984), cert. denied, 106 S.Ct. 73 (1985).
 
 
 5
 Wabash further asserts that Phelon failed to prove that the Generation III CDI system infringed any claims of the '837 reissue patent. The finding of infringement depends on whether the properly interpreted claims, a question of law, read on the accused device. Envirotech Corp. v. Al George, Inc., 730 F.2d 753, 758, 221 USPQ 473, 477 (Fed.Cir.1984). Literal infringement is a question of fact and reviewable under a clearly erroneous standard. Moleculon Research Corp. v. CBS, Inc., 793 F.2d 1261, 1269-70, 229 USPQ 805, 811 (Fed.Cir.1986), cert. denied, 107 S.Ct. 875 (1987). We find neither legal error nor clearly erroneous findings in the district court's conclusion on infringement. Thus, the district court's holding that claims 1-5 of the '837 patent are infringed is affirmed. Since the Generation III CDI infringes original claims 1-5, the challenges to the district court's rulings on intervening rights and to the validity of the broader claims 6, 7, 9 and 10 obtained on reissue are moot.
 
 
 6
 The final issue raised in this appeal is whether the district court correctly determined that the '780 patent is invalid for obviousness under 35 U.S.C. Sec. 103. Wabash asks that this portion of the judgment be vacated. Obviousness is a question of law based on underlying factual inquiries set forth in Graham v. John Deere Co., 383 U.S. 1 (1966). These factual inquiries include: (1) the scope and content of the prior art, (2) the differences between the prior art and the claims at issue, (3) the level of ordinary skill in the art, and (4) objective indicia of nonobviousness. Id. at 17. While fact findings are to be construed liberally in support of the judgment, we must be convinced from the district court's opinion that the proper Graham analysis was followed. See Custom Accessories, Inc. v. Jeffrey-Allan Indus., Inc., 807 F.2d 955, 958, 1 USPQ2d 1196, 1198 (Fed.Cir.1986). We are not convinced. Evidence that the Graham analysis was not properly performed appears in the district court's discussion of the Generation II CDI only, without a comparison of the '780 patent invention as a whole to the teaching of the prior art as a whole. Furthermore, the district court declared the entire '780 patent invalid without a discussion of any of the claims. This lack of discussion is particularly egregious since only claim 12 of the '780 patent was at issue. Accordingly, that portion of the judgment invalidating the '780 patent is vacated.
 
 
 7
 In conclusion, the district court's judgment is affirmed to the extent above indicated except for that portion invalidating the '780 patent, which is vacated.
 
 
 
 *
 Phelon asserts that the district court also found no infringement of the '780 patent. The court's opinion on this point is unclear. Wabash does not raise the issue on appeal and we see no need to address it